967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nick ALDEN, Plaintiff-Appellant,
v.
UNIVERSITY OF SAN DIEGO, Defendant-Appellee.
 No. 91-55921.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nick Alden appeals pro se the district court's judgment dismissing his action against the University of San Diego ("USD"), ordering the enforcement of the settlement agreement between the parties, and awarding attorney's fees in the amount of $1000 to USD. Alden contends that the district court erred by (1) retaining jurisdiction over his pendent state claims; (2) granting USD's motion to enforce the settlement, and (3) awarding attorney's fees without allowing Alden an opportunity to be heard. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 During 1986 and 1987, Alden was a student in USD's graduate tax program. At the close of his program, Alden had earned a grade point average ("GPA") of 79.5. USD informed Alden that he was not eligible to receive an L.L.M. in tax because he did not achieve the required cumulative GPA of 81. Alden brought an action against USD claiming that he was entitled to an L.L.M. degree in tax because he satisfied USD's graduation requirements by earning a GPA of 79.5. USD answered that, although a passing grade is 75, an L.L.M. candidate must earn a GPA of 81 to receive a degree.
 
 
 5
 Alden and USD were called into a settlement conference with Magistrate Judge McCue facilitating. At the close of negotiations, Alden and USD reached an agreement to settle the case. Although the agreement itself was not in writing or otherwise memorialized, the minute order entered by Magistrate Judge McCue stated, "[s]ettlement accord reached. Case is settled."[1]
 
 
 6
 After attempting and failing to formalize the settlement agreement, USD filed a motion to enforce the settlement agreement with the district court. The matter was referred back to Magistrate Judge McCue. After a hearing, where Alden failed to appear, Magistrate Judge McCue granted USD's motion and awarded $1000.00 in attorney's fees to USD. This appeal followed.
 
 II
 Merits
 A. Pendent Jurisdiction
 
 7
 The district court may retain jurisdiction to adjudicate pendent state claims following final disposition of all federal claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); Schneider v. TRW, Inc., 938 F.2d 986, 994 (9th Cir.1991). We review the district court's decision to retain jurisdiction for an abuse of discretion. Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991).
 
 
 8
 Here, Alden filed his complaint in the Los Angeles County Superior Court. Alden asserted claims based on contract law and federal racketeering law. USD removed the case to the United States District Court for the Central District of California. The case was then transferred to the District Court for the Southern District of California. Alden moved to dismiss the federal claim and to remand the case to state court. The district court granted Alden's motion to dismiss the federal claim, but chose to retain jurisdiction over the state pendent state law claims based, in part, on the "possible forum manipulation by [Alden]."
 
 
 9
 Considering the amount of time elapsed in this case, the common nucleus of operative facts giving rise to Alden's causes of action, and the possibility of forum manipulation, we conclude that the district court's decision to retain jurisdiction was not an abuse of discretion. See Harrell, 934 F.2d at 205.[2]
 
 B. Enforcement of Settlement Agreement
 
 10
 "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only complete settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987) (citations omitted) (emphasis in original). The district court must conduct an evidentiary hearing if material facts concerning the existence or terms of a settlement agreement are in dispute. Id. We review the district court's enforcement of a settlement agreement for an abuse of discretion. Id.
 
 
 11
 Alden contends that no settlement agreement was reached because certain terms were unsettled. He also argues that USD induced him to agree to settlement through fraud.[3] The undisputed facts indicate that a cumulative GPA of 81 was required to graduate from USD's tax program, that Alden did not achieve the required GPA, and that Alden had agreed to settle the case under certain conditions.[4] We detect no trace of misrepresentation or fraud. Alden does not articulate which if any of the settlement agreement terms were in dispute. See Callie, 829 F.2d at 891. He merely states that there was no meeting of the minds as to the format of the certificate. Under these circumstances, Magistrate Judge McCue did not abuse his discretion by granting USD's motion to enforce the settlement agreement. See id.
 
 C. Sanctions
 
 12
 The district court must provide sufficient notice and an opportunity for a hearing at which a party may contest proposed sanctions against it. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 873 (9th Cir.1992). Alden contends that he did not have adequate notice of USD's request for sanctions. He claims that he discovered USD's request on the same day that Magistrate Judge McCue heard and granted USD's motion to enforce the settlement. Sanctions were imposed simultaneously.
 
 
 13
 Nevertheless, USD requested sanctions in its motion to enforce the settlement and in its points and authorities supporting the motion. Alden was served with the motion and filed opposition papers. A hearing before Magistrate Judge McCue was set and Alden failed to appear. We conclude that Alden had adequate notice of USD's request for sanctions, and that he had an opportunity to contest at the hearing, but failed to appear. Cf. Western Systems, Inc., 958 F.2d at 873.[5]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apparently, Alden agreed to dismiss his complaint with prejudice in exchange for $3000.00 and a certificate from USD indicating that Alden had completed certain course work. The parties agreed that Magistrate Judge McCue would retain jurisdiction over the settlement agreement
 
 
 [2]
 Alden's contention that he was denied a fair hearing in the district court was not raised below, and therefore, we decline to address the issue on appeal. See Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985)
 
 
 [3]
 Alden asserts that USD admitted that a GPA of 75, rather than 81, was necessary to receive a degree. He relies on the affidavit of USD's dean, which states that a grade of 75 is required to pass a course. Alden appears to confuse the requirements for passing a course with those for graduating
 
 
 [4]
 Although there is no written record of the actual agreement, the minute order and Alden's opposition pleadings indicate that a settlement agreement was reached. Magistrate Judge McCue's finding in this regard is supported by the record and not clearly erroneous
 
 
 [5]
 USD seeks further sanctions on appeal pursuant to Fed.R.App.P. 38. Because Alden's appeal is not totally frivolous, we deny USD's request for sanctions on appeal. See id. at 874