62 F.3d 1240
 41 ERC 1193, 25 Envtl. L. Rep. 21,483,
95 Cal. Daily Op. Serv. 6482,
95 Daily Journal D.A.R. 11,089
 Thomas A. BECK; Melvin R. Beck; Robert Evans, Plaintiffs-Appellants,
v.
ATLANTIC RICHFIELD COMPANY, a Delaware Corporation; and The
Montana Department of Fish, Wildlife and Parks,
Defendants-Appellees.
Thomas A. BECK; Melvin R. Beck; Robert Evans, Plaintiffs-Appellees,
v.
ATLANTIC RICHFIELD COMPANY, Defendant-Appellant.
WEST SIDE DITCH COMPANY, a Montana Corporation; City of
Deer Lodge; Ronald Kelly; Jerry Rutledge;
Charles Beck; Richard Forson; George
Reistad, Plaintiffs-Appellants,
United States Environmental Protection Agency, Intervenor-Appellee,
v.
ATLANTIC RICHFIELD COMPANY, a Delaware Corporation; Montana
Department of Fish, Wildlife and Parks,
Defendants-Appellees.
WEST SIDE DITCH COMPANY, a Montana Corporation; City of
Deer Lodge; Ronald Kelly; Jerry Rutledge;
Charles Beck; Richard Forson; George
Reistad, Plaintiffs-Appellees,
v.
ATLANTIC RICHFIELD COMPANY, a Delaware Corporation,
Defendant-Appellant.
 Nos. 94-35487, 94-35551, 94-35539 and 94-35552.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 6, 1995.
Decided Aug. 17, 1995.
 
 Russ McElyea, Moore, O'Connell & Refling, Bozeman, MT, for plaintiffs-appellants West Side Ditch Co. et al.
 John E. Bloomquist, Dillon, MT, for plaintiffs-appellants Beck et al.
 John P. Davis, Poore, Roth & Robinson, P.C., Butte, MT, for defendant-appellee ARCO.
 Robert L. Klarquist, David C. Shilton, Dept. of Justice, Washington, DC, for intervenor-appellee EPA.
 Appeal from the United States District Court for the District of Montana.
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 A group of water users along the Clark Fork River in southeastern Montana[1] appeal the dismissal without prejudice of their claim under Montana law against Atlantic Richfield Company ("ARCO") for compensatory damages for diversion of water from the River. ARCO cross-appeals because the dismissal was without prejudice. We reverse the dismissal and order the district court to remand the case to state court.
 
 I.
 
 2
 ARCO's corporate predecessor discharged mining wastes into the Clark Fork River for many years. The United States Environmental Protection Agency ("EPA") ordered ARCO to clean up the resulting contamination pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. Sec. 9601 et seq. To implement the cleanup, the EPA ordered ARCO to divert the water into tailing ponds where the waste could settle to the bottom, allowing cleaner water to flow back into the River. The order specified that ARCO was not to cause any injury to vested water rights, and that the order did not alter any obligation ARCO might have to pay for use of the water.[2]
 
 
 3
 Plaintiffs contend the diversion diminished the amount of water available to downstream users. They filed suit in state court alleging ARCO illegally and negligently appropriated water from the River in derogation of their senior water rights, and seeking compensatory damages for crop loss, lost profits, and property devaluation. West Side also sought an injunction.[3] ARCO removed to federal court and moved to dismiss.
 
 
 4
 The district court held plaintiffs' claim against ARCO for damages constituted a claim against the United States for inverse condemnation over which the Court of Federal Claims had exclusive jurisdiction.[4] Alternatively, the district court held that, to the extent plaintiffs alleged ARCO had violated the EPA's order by injuring plaintiffs' water rights, plaintiffs' claim constituted a "challenge" to the cleanup and was therefore barred by CERCLA's "timing of review" provision, 42 U.S.C. Sec. 9613(h).
 
 
 5
 We conclude from our examination of the complaint that plaintiffs do not assert a claim for inverse condemnation, nor a "challenge" to the cleanup effort. Rather, plaintiffs seek to recover damages under Montana law for violation of their water rights, a claim over which the district court lacks jurisdiction.
 
 II.
 
 6
 Plaintiffs do not allege a takings claim. They expressly allege a cause of action based purely on state law. Even if "[t]he facts stated also [might] have sustained a [takings] claim ... had [the plaintiffs] elected that remedy, ... [they] did not do so, and [they] cannot be compelled to do so." Koratron Co. v. Deering Milliken, Inc., 418 F.2d 1314, 1317-18 (9th Cir.1969).[5] Contrary to the district court's assumption, the fact that plaintiffs might have a takings claim against the United States for diversion of water by ARCO in conformity with the terms of the EPA's order would not in itself preclude plaintiffs from having a state law claim against ARCO for diversion other than in conformity with the EPA's order.[6] Cf. Myers v. United States, 323 F.2d 580, 583 (9th Cir.1963).
 
 
 7
 Plaintiffs' damage claim does not "challenge" the CERCLA cleanup plan and is thus unaffected by CERCLA's provision limiting such challenges. 42 U.S.C. Sec. 9613(h). Although determination of whether ARCO's diversions were "wrongful," Tucker, 250 P. at 15, may require examination of the EPA's orders,[7] resolution of the damage claim would not involve altering the terms of the cleanup order. If the plaintiffs prevail, the remedy would be financial compensation for lost crops and lost profits. Id. at 18. Such a remedy would not interfere with ARCO's implementation of the cleanup.[8] Cf. McClellan Ecological Seepage Situation v. Perry, 47 F.3d 325, 331 (9th Cir.1995), petition for cert. filed, 63 U.S.L.W. 3819 (U.S. May 1, 1995) (No. 94-1807).
 
 
 8
 Because plaintiffs' damage claim is based entirely on state law, the district court lacks jurisdiction unless it has jurisdiction because of West Side's claim for injunctive relief. Although the district court dismissed this claim, and West Side Ditch does not appeal that dismissal, we consider all of the claims asserted in the complaint to determine whether the district court has jurisdiction. Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991). We conclude that the district court does not have jurisdiction over West Side's claim for injunctive relief because that claim constitutes a "challenge" to the CERCLA cleanup effort over which the district court would not have jurisdiction until the cleanup was completed. 42 U.S.C. Sec. 9613(h); see McClellan, 47 F.3d at 328-30.
 
 
 9
 Because plaintiffs' claims are based solely on state law, and inclusion of the Montana Department of Fish, Wildlife, and Parks as a defendant destroys diversity, 28 U.S.C. Sec. 1332, the district court lacks jurisdiction.[9]
 
 
 10
 VACATED AND REMANDED WITH DIRECTIONS TO REMAND TO STATE COURT.
 
 
 
 [1]
 The plaintiffs are Thomas A. Beck, Melvin R. Beck, and Robert Evans ("Beck") and West Side Ditch Company, City of Deer Lodge, Ronald Kelly, Jerry Rutledge, Charles Beck, Richard Forson, and George Reistad ("West Side")
 
 
 [2]
 The order provided:
 To ensure that implementation of the remedy does not cause injury to vested water rights ... [ARCO] shall comply with all applicable provisions of the laws of the State of Montana ... before undertaking any remedial action which involves the interception, withdrawal, diversion, storage, capture, possession, or control of any ground water or surface water. Nothing in this Order, however, shall alter any obligation [ARCO] may have under state law to provide compensation or payment for the use of water.
 
 
 [3]
 The EPA intervened in the West Side case because the request to enjoin the diversions implicated federal interests under CERCLA, but supported plaintiffs' right to pursue state law damage claims against ARCO. The district court held West Side's request to enjoin the diversions "challenged" the CERCLA cleanup and was therefore barred by the "timing of review" statute, 42 U.S.C. Sec. 9613(h). West Side does not appeal that ruling
 The plaintiffs also named the Montana Department of Fish, Wildlife, and Parks ("the Department") as a defendant based on the Department's alleged diversion of water into wildlife ponds. The district court's order does not mention the Department and the Department did not appear in this appeal.
 
 
 [4]
 The parties dispute whether the district court dismissed the damage claims for failure to state a claim, which was converted into a summary judgment by the consideration of materials outside the complaint, or for lack of subject matter jurisdiction. We conclude the district court dismissed the damage claims for lack of subject matter jurisdiction. The district court determined the Court of Federal Claims had jurisdiction over the damage claims under the Tucker Act, which is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The court offered to transfer the damage claims to the Court of Federal Claims pursuant to 28 U.S.C. Sec. 1631, which allows a transfer when the "court finds that there is a want of jurisdiction." See Rowe v. United States, 633 F.2d 799, 800-02 (9th Cir.1980) (treating issue of whether complaint should be read as raising a Tucker Act claim as a question of jurisdiction)
 
 
 [5]
 Our decision is consistent with F.E. Trotter, Inc. v. Watkins, 869 F.2d 1312 (9th Cir.1989). There, we held "[t]he availability of a Tucker Act remedy [for inverse condemnation] is presumed on a showing that the challenged action was authorized and for a public use." Id. at 1317. However, the availability of a Tucker Act remedy is not at issue here; instead, we are called upon to determine whether the plaintiffs alleged such a cause of action
 
 
 [6]
 If it were impossible to divert water into the ponds without injuring the plaintiffs' water rights, we might agree with the district court that the "inescapable conclusion" was that the EPA had authorized ARCO to take those rights. But because the plaintiffs own the right to use a certain amount of water for a beneficial use, not the corpus of the water itself, Tucker v. Missoula Light & Water Co., 77 Mont. 91, 250 P. 11, 15 (1926), ARCO could comply with the order by buying storage water or senior water rights from others
 We express no opinion on the merits of the plaintiffs' state law claims against ARCO or their potential claims against the United States.
 
 
 [7]
 Although ARCO may defend itself by asserting that it acted within the EPA's orders, that is a question of fact, not of jurisdiction. See Myers, 323 F.2d at 583; cf. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1394-95 (9th Cir.1988) (plaintiff may avoid federal court by relying exclusively on state law even if defendant asserts a federal defense)
 
 
 [8]
 Moreover, a citizen suit under 42 U.S.C. Sec. 9659(a)(1) is not the plaintiffs' sole remedy against ARCO; CERCLA preserves the plaintiffs' right to pursue state law remedies. 42 U.S.C. Secs. 9652(d), 9659(h); see Stanton Road Assoc. v. Lohrey Enter., 984 F.2d 1015, 1021-22 (9th Cir.1993)
 
 
 [9]
 Our disposition renders ARCO's cross-appeal moot