141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard EPSTEIN, Plaintiff-Appellant,
v.
Southern California Permanente Medical Group, dba Kaiser
Permanente; Sharon Butterfield, an individual; Pam Carter,
an individual; Cathy Cousineau, an individual; Ramah
Baliber, an individual; Kaiser Foundation Health Plan, a
Corporation; Kaiser Foundation Hospitals Inc., a nonprofit
corporation, Defendants-Appellees.
 No. 96-56629.
D.C. No. CV-95-08489-R.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Feb. 5, 1998.
Decided Mar. 19, 1998.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Epstein, an orthopedic technician, worked for Southern California Permanente Medical Group (SCPMG) from 1979 until 1994, when he was terminated after a long series of disciplinary actions against him. Epstein, who is Jewish and who exercised removal jurisdiction in the first instance. See Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 747 (9th Cir.1993) (a defendant may remove a nondiverse case from state court only if the plaintiff's complaint contains a federal cause of action and "could have been brought in the district court originally").
 
 
 3
 The fraud claims in Epstein's original complaint rely on alleged misrepresentations made by the defendants during grievance procedures mandated and governed by the CBA. See R. at 343-47 (§§ "2000-2053 of CBA). A court considering Epstein's fraud claims would have to interpret the terms of the CBA to determine if these alleged misrepresentations were material or if they were otherwise protected by the CBA. Because of this, Epstein's complaint for fraud is "substantially dependent on analysis of a collective bargaining agreement," Paige v. Henry J. Kaiser Co., 826 F.2d 857, 861 (9th Cir.1987), and is preempted by § 301 of the LMRA. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987) (noting that "[t]he preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement" (citations omitted)).
 
 
 4
 Where a district court has removal jurisdiction in the first instance, "[i]t is well settled that a federal court [has] the power to hear claims ... even after the basis for removal jurisdiction is dropped from the proceedings." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir.1991) (quotations and citations omitted). Because "[i]t is generally within a district court's discretion ... to retain jurisdiction to adjudicate the pendent state claims," id., we conclude that the district court did not abuse its discretion in retaining jurisdiction over Epstein's state law claims.
 
 
 5
 Epstein next challenges the district court's grant of summary judgment against him on his claims of age and religious discrimination. This Court reviews the district court's grant of summary judgment de novo. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997). Summary judgment is proper if, taking all evidence in the light most favorable to Epstein, there is no genuine issue as to any material fact and SCPMG is entitled to judgment as a matter of law. See id. "To avoid summary judgment, [the plaintiff] must do more than establish a prima facie case and deny the credibility of the defendant's witnesses. [ H]e must produce specific, substantial evidence of pretext." Bradley v. Harcourt, Brace and Co., 104 F.3d 267, 270 (9th Cir.1996) (quotations, citation, and alteration omitted).
 
 
 6
 California's Fair Employment and Housing Act (FEHA) prohibits employment discrimination based on religion, see Cal. Gov't Code § "12940(a), and on age. See id. at § 12941. In employment discrimination cases where the plaintiff has not alleged direct evidence of discrimination, California courts apply the McDonnell Douglas shifting burden analysis. See Sada v. Robert F. Kennedy Med. Ctr., 56 Cal.App.4th 138, 65 Cal.Rptr.2d 112, 118 (Cal.Ct.App.1997) (applying McDonnell Douglas analysis to claim under § "12940(a)); Nidds, 113 F.3d at 916 (applying shifting burden test to claim under § 12941, and citing California cases).
 
 
 7
 Under McDonnell Douglas, a plaintiff must first present a prima facie case of discrimination, which creates a presumption of discrimination. See Nidds, 113 F.3d at 916. The employer can then rebut this presumption by articulating a legitimate, nondiscriminatory reason for the termination. "Once the employer meets this burden, the presumption of discrimination drops away." Id. at 917. The plaintiff then has the burden of proving that this legitimate, nondiscriminatory reason is pretextual for discrimination. "To satisfy that burden, and survive summary judgment, [the plaintiff] must produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [the plaintiff's] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Id. at 918.
 
 
 8
 Assuming that Epstein has proven prima facie cases of age and religious discrimination, SCPMG has rebutted successfully the presumptions of discrimination by articulating legitimate, nondiscriminatory reasons for Epstein's termination. It is undisputed that Epstein had a long history of disciplinary problems while employed by SCPMG, including an episode where he physically assaulted his supervisor. In addition, customers of SCPMG made numerous complaints regarding Epstein's attitude and conduct shortly before his termination.
 
 
 9
 Epstein has failed to produce any evidence tending to prove that SCPMG's stated reasons were not the real reasons for Epstein's termination, or that discrimination was the reason for his termination. During his deposition, Epstein stated that he "never heard any statements" that led him to believe that he was terminated because of his age, R. at 244, and admitted that the only basis for his claim of age discrimination was mere speculation. See id. at 243-44. Similarly, Epstein has failed to offer any support for his claim of religious discrimination. Epstein has not alleged that any of his supervisors (one of whom was Jewish) ever made any anti-Semitic statements to him, or ever engaged in any overtly anti-Semitic behavior. While Epstein did allege that the percentage of Jewish employees at SCPMG had decreased over the years, Epstein provided no foundation for his estimates, and did not provide any evidence that the alleged reduction in the percentage of Jewish workers was due to anti-Semitism. Indeed, the only specific example he provided of Jewish employees leaving SCPMG was "a couple of doctors that were dissatisfied and left that happened to be Jewish." R. at 208. Taking this evidence in the light most favorable to Epstein, we conclude that no reasonable jury could have found that Epstein was the victim of age or religious discrimination. Accordingly, we affirm the district court's grant of summary judgment against Epstein.
 
 
 10
 Finally, Epstein argues that the district court erred in requiring him to pay $62,185.75 for the defendants' attorneys fees. The order granting attorneys fees was filed after Epstein filed his notice of appeal of the district court's grant of summary judgment, and Epstein never filed a separate notice of appeal or amended his earlier notice of appeal. Because Epstein did not file a separate notice of appeal, this Court does not have jurisdiction over his objections to the grant of attorneys fees. See Farley v. Henderson, 883 F.2d 709, 712 (9th Cir.1989) (per curiam). Accordingly, we dismiss this aspect of Epstein's appeal.
 
 
 11
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3