Edna Louise BRUMBAUGH, Plaintiff–Appellant,

v.

ACCUBANC MORTGAGE CORP; et al., Defendants–Appellees.

No. 00–56212.

D.C. No. CV–99–02392–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.[*]

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

MEMORANDUM **

Edna Louise Brumbaugh appeals pro se the district court's judgment dismissing her action to quiet title and for damages,[1] based on alleged tortious conduct resulting from the forclosure of her condominium. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal on res judicata grounds. *See United States v. Schimmels (In re Schimmels),* 127 F.3d 875, 880 (9th Cir.1997). We affirm.

Because Brumbaugh seeks to relitigate the same claims that were already litigated in a prior action, the district court properly concluded that Brumbaugh's action is precluded by res judicata. *See Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997) (discussing factors which determine when a prior adjudication precludes a later suit).

The district court did not abuse its discretion in dismissing the precluded claims rather than remanding them to state court. *See Harrell v. 20th Century Ins. Co.,* 934 F.2d 203, 205 (9th Cir.1991) (holding that a federal court has the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings).

Brumbaugh's remaining contentions lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. On January 5, 2001, the district court entered judgment as to certain defendants pursuant to the district court's June 13, 2000 order.