**Richard EPSTEIN, Plaintiff,**

**and**

**Jerome Zamos; The Jerome Zamos Retirement Trust, u/d/t December 31, 1997, Claimants—Appellants,**

v.

**SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, dba Kaiser Permanente Medical Group, Defendant—Appellee.**

Nos. 02–56242, 02–56387.
D.C. No. CV–95–08489–MLR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2003.*

Decided April 11, 2003.

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,** District Judge.

MEMORANDUM***

A. *The Claim of Exemption*

Zamos claims that the March 27 assignment to the Trust of the Truesdell fees shields those fees from his creditors under Cal.Civ.Proc.Code § 704.115(b). We disagree.

The Truesdell fees are not exempt because they have never been "held, controlled, or in process of distribution by a private retirement plan." *Id.* At the time of the levy, the funds were "held" or "controlled" by Truesdell, not by the Trust. Although Zamos had temporary custody of the check, the check was made out to Truesdell and delivered to Zamos only as her agent. Nor were the funds "in process of distribution by" the Trust. The Truesdell fees never even made it into the Trust, so they could not have been in the process of being distributed *by* the Trust. *See Lieberman v. Hawkins (In re Lieberman)*, 245 F.3d 1090, 1095 (9th Cir.2001) (noting that Cal.Civ.Proc.Code § 704.115 does not exempt all assets that a debtor intends to use for retirement).

Zamos relies on *Flannery v. Prentice*, 26 Cal.4th 572, 110 Cal.Rptr.2d 809, 28 P.3d 860 (2001), a case that does not help

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him. *Flannery* holds that, as between a lawyer and client, fee awards in California Fair Employment and Housing Act ("FEHA") actions belong to the lawyer unless there is a contractual agreement to the contrary. *Id.* at 863. This proposition is not disputed; indeed, only because the fees belonged to Zamos could they be levied on to satisfy the 1996 judgment. *Flannery* concerns ownership, not possession. It does not change the fact that Truesdell "held" or "controlled" the fees at the time of the levy, as those terms are used in Cal.Civ.Proc.Code § 704.115(b).

B. *The Rule 60(b) Motion*

Judge Real had subject matter jurisdiction over the FEHA claim. We so held, expressly, in an earlier unpublished disposition. *Epstein v. S. Cal. Permanente Med. Group*, 141 F.3d 1175, 1998 WL 133263, at *1 (9th Cir. March 19, 1998) (unpublished disposition).

Thus, the fact that the district court properly exercised jurisdiction over the merits of the FEHA claim is the law of the case. It follows that the district court properly exercised subject matter jurisdiction over the ancillary attorney fees issue. *See* 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, *the entire case* may be removed and the district court may determine *all issues therein* ....") (emphasis added). The fee judgment was not void for lack of jurisdiction.

Zamos' main argument is that the district court erred in holding him personally liable for the attorney fees award under FEHA. But even if the court misinterpreted FEHA, such an error would not affect jurisdiction. An error of law does not render a judgment void under Rule 60(b)(4). *United States v. Berke*, 170 F.3d 882, 883 (9th Cir.1999). Rather, this argument could have been raised directly, on appeal. Because Zamos did not file a notice of appeal with respect to the attorney fees order, he missed that opportunity.

Zamos also argues that the judgment violates due process because the motion and judgment failed to identify him. That is incorrect. The caption of the motion sought fees against "Plaintiff and his attorney." The body of the motion sought fees from "Plaintiff and his attorney, jointly and severally." Zamos was the plaintiff's only attorney, and he appeared at the hearing specifically to oppose the fee award against his client and himself. The order granting the motion noted the presence of "Jerome Zamos, counsel for Plaintiff" just before ordering "Plaintiff and his attorney" to pay the requested fees.

AFFIRMED.