Hugh WEISS; et al., Plaintiffs—
Appellants,

v.

KUCK TRUCKING INC., a Montana
corporation, Defendant—
Appellee.

No. 04–35547.

D.C. No. CV–00–00123–BLG–JDS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2006.

Decided Jan. 24, 2006.

Jory C. Ruggiero, Esq., Beck, Richard-son & Amsden, Bozeman, MT, for Plain-tiffs—Appellants.

Kenneth D. Tolliver, Esq., Wright, Tol-liver and Guthals, P.C., Billings, MT, for Defendant—Appellee.

Before KLEINFELD and GRABER,
Circuit Judges, and RAFEEDIE,* District
Judge.

## MEMORANDUM **

The complaint filed in state court made no federal claim. Although it mentioned federal law, it did not make a claim for relief based on violation of federal law. The closest it got was to suggest that violation of federal law could support negligence per se under Montana law in a state tort claim for relief. That is not a federal claim.

It is true that the EPA had already commenced remedial action. The action that had been commenced was a "remedial investigation/feasibility study," which we held in *Razore v. Tulalip Tribes* amounted to remedial action.[1] But the complaint filed in state court did not amount to a "challenge to remedial action," because to qualify as a "challenge," the claim must be "directly related to the goals of the cleanup itself."[2] The complaint did not directly relate to the goals of the cleanup and in no way challenged anything about the "remedial investigation/feasibility study" in

---

* The Honorable Edward Rafeedie, Senior Unit-ed States District Judge for the Central Dis-trict of California, sitting by designation.

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 239 (9th Cir.1995).

2. *Fort Ord Toxics Project, Inc. v. Cal. E.P.A.*, 189 F.3d 828, 831 (9th Cir.1999)(internal quotation marks omitted).

which the EPA engaged. This case is controlled by *Beck v. Atlantic Richfield Co.*, because in this case as in *Beck*, the plaintiffs's alleged causes of action are based entirely on state law and do not challenge any CERCLA[3] cleanup plan.[4] Therefore, the district court lacked jurisdiction.

The amicus makes the practical argument that the damages action in state court has the potential to draw money out of the case and, without money to implement it, a potential cleanup may be thwarted as a practical matter. But under the well pleaded complaint rule, except where the artful pleading doctrine compels an exception, the plaintiff is the master of his complaint. In this case, as in *Rains v. Criterion Systems Inc.*,[5] there is nothing that would justify recharacterizing the state law claims as federal claims. The relevant federal claim would be a challenge to the EPA's CERCLA proceedings, and there is no such claim in the complaint. Notwithstanding the amicus's argument, the statute expressly precludes us from adopting it because "[n]othing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State."[6] If indeed a risk of double payment is posed by the relief granted in state court, the district court has the means to avoid unfairness because "the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."[7]

Removal was improvident and the district court must remand the case to the state court from which it came.

REVERSED and REMANDED with instructions to the district court to remand the case to the state court.

---

3. Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. §§ 9601–9675 (1986).

4. *Beck v. Atlantic Richfield Co.*, 62 F.3d 1240, 1243 (9th Cir.1995) (per curiam); *see also ARCO Envtl. Remediation, LLP v. Dep't of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1115 (9th Cir.2000); *Stanton Road Assocs. v. Lohrey Enters.*, 984 F.2d 1015, 1021–22 (9th Cir.1993).

5. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

6. 42 U.S.C. § 9614(a).

7. 42 U.S.C. § 9613(f); *W. Props. Serv. Corp. v. Shell Oil Co.*, 358 F.3d 678, 690 (9th Cir. 2004).