**FIRST AND BECK, A NEVADA LLC, Plaintiff—Appellant,**

v.

**BANK OF the SOUTHWEST, an Arizona banking association; et al., Defendants—Appellees.**

**First and Beck, a Nevada LLC, Plaintiff—Appellee,**

v.

**Bank of the Southwest, an Arizona banking association; et al., Defendants,**

and

**Mortgages Ltd., an Arizona commercial banking association, Defendant—Appellant.**

**First and Beck, a Nevada LLC, Plaintiff—Appellee,**

v.

**Bank of the Southwest, an Arizona banking association; et al., Defendants,**

and

**Scott Coles, president of defendant Mortgages, Ltd., Defendant—Appellant.**

Nos. 05–17157, 05–17233, 05–17261.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 17, 2007.

Robert M. Cook, Esq., Law Office of Robert M. Cook, Phoenix, AZ, for Plaintiff–Appellant.

William J. Maledon, Esq., Thomas L. Hudson, Esq., Osborn Maledon, P.A., Phoenix, AZ, Richard L. Cobb, Esq., Lake & Cobb, PLC, Tempe, AZ, Sean P. O'Brien, Esq., Christopher M. McNichol, Esq., Gust Rosenfeld, PLC, Edwin D. Fleming, Esq., John Dean Curtis, II, Esq., Burch & Cracchiolo, PA, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER, BERZON, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellant First and Beck, LLC ("F&B") appeals the district court's dismissal of its complaint for lack of subject matter jurisdiction and failure to state a claim. Defendants Mortgages, Ltd. ("Mortgages") and Scott Coles ("Coles") cross-appeal the district court's denial of their request for costs and attorneys' fees, an issue the district court did not reach as a result of its dismissal of the complaint on jurisdictional grounds.

We affirm the district court's dismissal order in part. We reverse and remand insofar as the district court did not address whether the presence of federal question jurisdiction over one claim against one defendant might cause it to exercise its discretion to assert supplemental jurisdiction over F&B's state law claims. We also reverse and remand to the district court for consideration of Mortgages' and Coles' request for costs and attorneys' fees.[1]

■■■ The district court properly rejected 28 U.S.C. § 1334(b) as a basis for subject matter jurisdiction over F&B's complaint. None of F&B's claims have the necessary "close nexus" to the original bankruptcy action in this case. *In re: Pegasus Gold Corp.,* 394 F.3d 1189, 1194 (9th Cir.2005). Similarly, the district court properly determined that it did not have federal question jurisdiction, 28 U.S.C. § 1331, over F&B's asserted federal causes of action pled under 12 U.S.C. §§ 85, 503 and 1972. Those causes of action completely lacked merit. *Yokeno v. Mafnas,* 973 F.2d 803, 808 (9th Cir.1992) ("[J]urisdiction under § 1331 is unavailable where the federal claim 'is patently without merit.'") (citing *Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595 (1978)). Notwithstanding F&B's belated insistence to the contrary at oral argument, 12 U.S.C. § 85 provides for a cause of action only against nationally-chartered banks. *Hiatt v. San Francisco Nat'l Bank,* 361 F.2d 504, 505 (9th Cir. 1966). None of the defendants are nationally-chartered banks.

■■■ The district court found it did have § 1331 jurisdiction over one claim, F&B's claim against Reginald Fowler for improper acceptance of a bribe or gratuity under 18 U.S.C. § 215 and 12 U.S.C. § 503. The district court went on, however, to dismiss for failure to state a claim. We affirm the district court's Fed.R.Civ.P. 12(b)(6) dismissal of the § 215 claim. But

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of the case, we do not restate them except as necessary to explain our disposition.

we remand for the district court to consider whether it should—due to the presence of § 1331 jurisdiction over this one claim—exercise supplemental jurisdiction to hear F&B's state law claims pursuant to 28 U.S.C. § 1367.[2] Whether the district court chooses to exercise such supplemental jurisdiction is, of course, a decision committed to its good discretion. 28 U.S.C. § 1367(c)(3); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205–06 (9th Cir.1991).

■ Finally, we reverse the district court's denial of Mortgages' and Coles' request for costs and attorneys' fees sought under Arizona state law and pursuant to contracts between the parties. Dismissal of a complaint for lack of subject matter jurisdiction does not deprive the court of jurisdiction to hear a request for fees under state law. *Kona Enterprises, Inc. v. Bishop*, 229 F.3d 877, 887 (9th Cir.2000). The district court has jurisdiction to hear that request; whether Mortgages and Coles are actually entitled to such costs and fees in the district court is a matter for the district court to decide. Appellees are entitled to costs on appeal.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

---

**2.** The district court can hardly be faulted for failure to address supplemental jurisdiction in its original dismissal order, as F&B's complaint failed to plead 28 U.S.C. § 1367 as a basis for jurisdiction.

