Daniel **KEATING–TRAYNOR, on behalf of himself and all others similarly situated, Plaintiff–Appellant,**

v.

**AC SQUARE; et al., Defendants–Appellees.**

No. 08–17069.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 19, 2009.

R.App. P. 34(a)(2).

Daniel Berko, Law Offices of Daniel Berko, San Francisco, CA, for Plaintiff–Appellant.

Benjamin A. Emmert, Ron E. Peters, Littler Mendelson, P.C., San Jose, CA, Daryl S. Landy, Esquire, Morgan Lewis & Bockius, LLP, Palo Alto, CA, Ann Marie Reding, Esquire, Morgan Lewis & Bockius, LLP, San Francisco, CA, for Defendants–Appellees.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

## MEMORANDUM **

Daniel Keating–Traynor appeals from the district court's order dismissing his Fair Labor Standards Act ("FLSA") action seeking overtime compensation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir.2007). We affirm.

The district court properly dismissed the action as barred by the applicable statute of limitations because Keating–Traynor filed the action more than three years after his FLSA claim accrued in May 2005. *See* 29 U.S.C. § 255(a) (setting forth a three-year limitations period for an alleged willful violation of the FLSA); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993) (explaining that the statute of limitations for an FLSA claim accrues "the day the employee's paycheck is normally issued, but isn't").

Because Keating–Traynor cannot state a claim for violation of the FLSA, the district court properly dismissed the civil conspiracy claim. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991) (holding that because the underlying cause of action was barred by the applicable statute of limitations, "the civil conspiracy claim also must fail").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

