NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLEEN TOM; JOYCELYN W. UNCIANO, | Nos. 11-17905, 11-17906 |
| Plaintiffs - Appellants, | D.C. No. 1:10-cv-00653-SOM-BMK |
| v. | |
| GMAC MORTGAGE, LLC, a Delaware limited liability company; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeals from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE Circuit Judges.

In these consolidated appeals, Coleen Tom and Joycelyn W. Unciano appeal

pro se from the district court's judgment dismissing their action arising out of

foreclosure proceedings.   We have jurisdiction under 28 U.S.C. § 1291.   We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion the district court's decision whether to exercise jurisdiction under the Declaratory Judgment Act. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). We affirm.

The district court properly exercised its sound discretion not to exercise jurisdiction over the declaratory judgment claim seeking to have the assignment of the mortgage to GMAC Mortgage declared invalid, as the validity of the mortgage was also at issue in the parallel state court judicial foreclosure proceedings. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."); *Gov't Emps. Ins. Co.*, 133 F.3d at 1225 ("If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.").

The district court did not abuse its discretion by denying plaintiffs' motion to remand and exercising supplemental jurisdiction over their state law claims after the federal claim was withdrawn. *See United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1111-12 (9th Cir. 2001) (setting forth standard of review for a

11-17906

district court's remand order); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (setting forth standard of review for a district court's decision to adjudicate pendant state claims and discussing relevant factors).

The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration of the dismissal of their first amended complaint and motion to alter or amend judgment because they failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject plaintiffs' contentions regarding leave to amend, staying the action, and oral argument.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Defendants' motion for judicial notice, filed January 3, 2013, is denied as unnecessary.

All requests contained in the parties' briefs are denied.

**AFFIRMED.**

11-17906