Judy BREITMAN, Plaintiff–Appellant,

v.

MAY COMPANY CALIFORNIA, a division of the May Department Stores Company, Defendant–Appellee.

No. 92–55845.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1993.

Decided Oct. 7, 1994.

Gregory L. Picco, Picco and Presley, Santa Monica, CA, for plaintiff-appellant.

Ronald J. Dolan, The May Dept. Stores Co., Office of Legal Counsel, St. Louis, MO, for defendant-appellee.

Before: HUG, SCHROEDER, and FERGUSON, Circuit Judges.

HUG, Circuit Judge: ·

Appellant Judy Breitman raises two issues in this appeal. First, Breitman challenges the district court's denial of her motion to remand to state court on the basis that the court improperly determined that jurisdiction based on diversity of citizenship was proper in California. Second, Breitman challenges the district court's grant of summary judg-ment to May Company on her breach of contract and age discrimination claims.

This action was brought in state court and removed on the grounds of diversity of citizenship. Breitman challenges the jurisdiction of the district court in this appeal. We have jurisdiction over Breitman's timely appeal pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

## I. Background

Judy Breitman was employed by May Company for ten years. Most recently, she served as Divisional Vice President of Public Relations and Special Events. In October, 1991, Breitman and her three staff members were required to be in Santa Maria, California, to make arrangements for the opening of a new store. Breitman also hired a temporary employee, Tracy Edgeston, to assist with the opening. Breitman was authorized to do so, and had frequently done so in the past. In anticipation of the Monday opening, Breitman proposed that the group arrive in Santa Maria on Sunday evening. Despite May Company's refusal to provide hotel accommodations for that evening, Breitman and the salaried employees decided they would arrive Sunday, with the understanding that each would be responsible for her own expenses. According to Breitman, the temporary employee was required to travel with the rest of the group to Santa Maria because she had no other means of transportation. Breitman authorized the temporary employee to add four hours to her timecard to cover reimbursement for Sunday's expenses. Upon discovering that Breitman had authorized the entry on the timecard, May Company terminated her employment. Breitman contends that the termination was without just cause and was the result of age discrimination in violation of California law.

## II. Removal

Breitman challenges the district court's denial of her motion to remand to state court. We review de novo a district court's determination that diversity jurisdiction exists. See *Kruso v. International Telephone & Telegraph, Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S.

937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Breitman is a citizen of California, so the issue is whether May Company is also a citizen of California.

■ The relevant statutory section provides that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. § 1332(c) (Supp.1992). Thus, a corporation is typically a citizen of two states for determining the existence of diversity jurisdiction: the state of incorporation and the state in which it has its principal place of business. May Company is incorporated in New York, and therefore is a citizen of New York for diversity jurisdiction purposes.

■ To resolve fully the jurisdictional issue, however, we must also determine in which state May Company has its principal place of business. We generally apply one of two tests to determine in which state a corporation has its principal place of business: the place of operations test and the nerve center test. *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Under the place of operations test, a corporation's principal place of business is the state in which it performs a "substantial predominance" of corporate operations. *Id.* May Company has corporate operations in over thirty states. Because no one state contains a substantial predominance of the corporation's business activities, the place of operations test is inappropriate. *See id.* at 1094.

■ The alternative test is the nerve center test. Under this test, a corporation's principal place of business is the state in which the executive and administrative functions are performed. *Id.* May Company's corporate headquarters are located in Missouri, and its executive and administrative functions are performed in that state. Therefore, the district court properly found that May Company was a citizen of Missouri, and properly concluded that diversity jurisdiction was appropriate in California.

■ Breitman does not dispute this application of the law. Rather, she contends that May California, an unincorporated division of May Company, should be considered separately as a citizen of California. Breitman urges us to extend to the present case the rule that permits an incorporated subsidiary to possess citizenship independent of its parent corporation. We decline to do so. We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. "A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 284 (6th Cir.1990). The district court's determination that diversity jurisdiction existed in California was proper.

## III. *Summary Judgment*

Breitman also challenges the district court's grant of partial summary judgment to May Company. We review *de novo* a district court's grant of summary judgment. *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir.1990). To sustain a grant of summary judgment, we must view the evidence in a light most favorable to the nonmoving party, and we must find that there are no genuine issues of material fact. *Id.* We conclude that the district court erred in granting summary judgment in favor of May Company.

■ Breitman demonstrated the existence of genuine issues of material fact as to whether May Company had good cause for the termination of her employment. California courts have interpreted good cause for termination of employment as "a fair and honest cause or reason, regulated by good faith on the part of the party exercising the power." *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 171 Cal.Rptr. 917, 928 (Ct. App.1981) (quoting *R.J. Cardinal Co. v. Ritchie*, 218 Cal.App.2d 124, 32 Cal.Rptr. 545 (Ct.App.1963)). During Breitman's deposition, she testified that it was common practice to compensate temporary employees for expenses incurred by adding hours to the timecard. In fact, Breitman testified that her supervisor had specifically authorized her to reimburse the temporary employee in this

manner. Although May Company pointed to a written policy that prohibited the falsification of timecards, a genuine issue of material fact existed as to whether this policy was followed and uniformly enforced. There was conflicting evidence as to the customary method for paying temporary employees, such as Edgeston, their agreed pay and expenses. Breitman produced evidence that it was common practice to hire such persons for a specific job for a flat fee which may or may not have included expenses. She produced evidence that a common and accepted way to pay these employees for their services and expenses was through the submission of time cards. This presents a genuine issue of fact as to whether this was a method of payment authorized in practice by the management, and if so, whether good cause existed to terminate Breitman's employment.

Breitman also challenges the district court's award of summary judgment on the age discrimination claim. Breitman alleged a violation of Cal.Govt.Code § 12940. California courts have interpreted this section in accordance with the federal case law interpreting the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* *See, e.g., Stephens v. Coldwell Banker Commercial Group, Inc.,* 199 Cal.App.3d 1394, 245 Cal.Rptr. 606, 609 (Ct.App.1988). Thus, to establish a prima facie case of age discrimination, Breitman must demonstrate that (1) she belonged to a protected class; (2) she was performing satisfactorily in her position; (3) she was discharged; and (4) she was replaced by a substantially younger employee with equal or inferior qualifications. *Rose v. Wells Fargo,* 902 F.2d 1417, 1421 (9th Cir.1990). We conclude that Breitman failed to establish a prima facie case. Although Breitman established that she belonged to a protected class, that she was discharged, and arguably established that she was performing her job in a satisfactory manner, she failed to establish that she was replaced by a substantially younger employee with equal or inferior qualifications or that there was a general reduction in force due to business conditions. *See id.* Moreover, she presented no substantial evidence that her age played any part in the decision to terminate her employment. Therefore, the district court's decision to grant summary judgment in favor of May Company on the age discrimination claim was proper.

Accordingly, the decision of the district court is affirmed in part, reversed in part and remanded for further proceeding in accordance with this opinion. Each party shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**