50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gaylord LUCAS, Plaintiff-Appellant,
v.
DELTA AIRLINES, Defendant-Appellee.
 No. 94-55347.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 9, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gaylord Lucas appeals pro se the district court's summary judgment for Delta Airlines ("Delta") in Lucas's diversity suit. Lucas alleged that he was terminated from his job as a line service mechanic due to age discrimination and wrongful termination in violation of public policy. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Lucas contends that the district court erred in granting summary judgment on his age discrimination claim. This contention lacks merit. In order to survive summary judgment on an age discrimination claim, Lucas must establish a prima facie case of age discrimination. Rose v. Wells Fargo & Co., 902 F.2d 1417, 1420 (9th Cir.1990).[1] If Lucas is able to do so, and if Delta articulates a non-discriminatory reason for the discharge, Lucas also must present evidence sufficient to enable a trier of fact to conclude that Delta was motivated not by the articulated reason, but rather by the employee's age. Id. At all times, the ultimate burden of establishing intentional discrimination remains with Lucas. Id. at 1420-21.
 
 
 5
 To establish a prima facie case for age discrimination, Lucas was required to show the district court that he: (1) was a member of a protected class (age 40-70); (2) was performing his job in a satisfactory manner; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications. Id. at 1421. Although Lucas was forty-nine years old and was discharged, he did not show that he was satisfactorily performing his job or that he was replaced by a substantially younger employee with equal or inferior skills. Lucas failed to prove a prima facie case for age discrimination. Id. Also, even if Lucas established a prima facie case for age discrimination, he failed to provide evidence of a discriminatory motive on Delta's part to contradict Delta's stated non-discriminatory reason for discharging him--his failure to repair a damaged aircraft. Id. at 1420. The district court did not err in granting summary judgment for Delta on Lucas' age discrimination claim. Id.; see Breitman v. May Co. California, 37 F.3d 562, 565 (9th Cir.1994).
 
 
 6
 Lucas also contends that he was wrongfully discharged in violation of public policy because he allegedly reported "illegal safety practices" on the part of Delta. This contention lacks merit.
 
 
 7
 An employee may bring a tort action against an employer who terminates him in violation of public policy. Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 172 (1980). Under California law, an action for wrongful discharge in violation of public policy will not lie unless the public policy that is allegedly violated is delineated in a constitutional or statutory provision. Gantt v. Sentry Ins. Co., 1 Cal.4th 1083, 1095 (1992). The record indicates Lucas never reported or complained about specific unsafe working conditions and that he failed to demonstrate that any person involved in the decision to terminate his employment had any knowledge of his alleged complaints. Lucas also failed to identify any statutory or constitutional policy relating to retaliation for safety complaints, in violation of which his employment was terminated. Id.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lucas brought his claim under Cal.Govt.Code Sec. 12940. "California courts have interpreted this section in accordance with the federal case law interpreting the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq." Breitman v. May Co. California, 37 F.3d 562, 565 (9th Cir.1994)
 
 
 [2]
 Lucas's request to file an oversized reply brief is denied