87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Helen RASH, Plaintiff-Appellant,
v.
VONS COMPANIES INC., dba, Pavillion's, Defendant-Appellee.
 No. 95-56332.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Helen Rash appeals pro se the district court's summary judgment in favor of her former employer, the Vons Companies, Inc. (Vons). Rash's complaint alleged that Vons discriminated against her on the basis of her age in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940, when she was demoted and eventually terminated. She contends that the district court erred by: 1) granting summary judgment on her age discrimination claim and 2) denying her motion for leave to amend her complaint to add a claim for age discrimination in violation of public policy. We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied., 112 S.Ct. 1603 (1992). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 SUPPLEMENTAL JURISDICTION
 
 3
 A federal court has the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings. Harrell v. 20th Century Insurance Co., 934 F.2d 203, 205 (9th Cir.1991) (citation omitted). "The district court's decision whether to adjudicate pendent state claims following final disposition of all federal claims is reviewed for abuse of discretion." Id. (quoting Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 (9th Cir.1990)). Where substantial judicial resources have already been committed and sending the case to another court would cause a duplication of effort, the district court may properly retain supplemental jurisdiction over state law claims. See Schneider v. TRW, Inc., 938 F.2d 986, 994-95 (9th Cir.1991).
 
 
 4
 Here, Rash filed a complaint in the state court in September 1994 alleging various state law claims as well as claims properly characterized under section 301 of the Labor Management Relation Act. In November 2, 1994, Vons removed the action to federal court based upon federal question jurisdiction. In 1995, Vons filed a motion for summary judgment. Rash then moved to amend her complaint to voluntarily dismiss her first five claims, which included the federal claims, and to add a common law claim of age discrimination.
 
 
 5
 The district court granted Rash's motion to voluntarily dismiss her federal question claims, but retained supplemental jurisdiction over the remaining state law claims. While we recognize that it is generally preferable for a district court to remand remaining pendent claims to state court, see Carnegie-Mellon University v. Cohill, 484 U.S. 343, 352-53 (1988), we nevertheless conclude that given the amount of judicial resources already expended to adjudicate Rash's numerous claims, the district court did not abuse its discretion by retaining jurisdiction over the state law claims. See Harrell, 934 F.2d at 205.
 
 SUMMARY JUDGMENT
 
 6
 Rash contends that the district court erred by granting summary judgment in favor of Vons on her age discrimination claim. This contention lacks merit.
 
 
 7
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting specific, significant probative evidence tending to support its claim that material, triable issues of fact remain." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Unsubstantiated and conclusory allegations, however, are insufficient to withstand summary judgment. See Hughes v. United States, 953 F.2d 531, 541-42 (9th Cir.1992).
 
 
 8
 Rash's complaint alleges a violation of Cal. Gov't Code § 12940. "California courts have interpreted this section in accordance with the federal case law interpreting the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq." Breitman v. May Company, 37 F.3d 562, 565 (9th Cir.1994); see e.g. Stephens v. Coldwell Banker Commercial Group, Inc., 199 Cal.App.3d 1394 (1988). To establish a prima facie case of age discrimination, Rash must demonstrate that 1) she belonged to a protected class; 2) she was performing satisfactorily in her position; 3) she was discharged or demoted; and 4) she was replaced by a substantially younger employee with equal or inferior qualifications. Breitman, 37 F.3d at 565 (citation omitted).
 
 
 9
 We conclude that Rash has failed to establish a prima facie case. While Rash has established that she belongs to a protected class, that she was demoted and later terminated, and arguably that she was performing her job in a satisfactory manner, Rash has failed to present evidence that her age played any part in the decision to demote her or to terminate her employment. Accordingly, the district court properly granted summary judgment in favor of Vons on the age discrimination claim.[1] See id.
 
 MOTION TO AMEND
 
 10
 Next, Rash contends that the district court erred by denying her motion for leave to amend her complaint to include a common law claim of age discrimination in violation of public policy. This contention lacks merit.
 
 
 11
 We review a district court's denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). After an answer or other responsive pleading is filed, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given where justice so requires." Fed.R.Civ.P. 15(a). Moreover, California courts have held that there is no common law cause of action for discrimination under the California Fair Employment and Housing Act because the California legislature intended the statute to be the exclusive remedy for discriminatory wrongful discharge. See Cook v. Lindsay Olive Growers, 911 F.2d 233, 238 (9th Cir.1990); see also Strauss v. A.L. Randall Co., 144 Cal.App.3d 514, 519-21 (1983).
 
 
 12
 Here, Rash sought to amend her complaint to allege a common law claim of age discrimination based on the same set of events alleged in her initial complaint. The proposed claim was not substantially different from her original claims. Rash's common law age discrimination claim is therefore preempted by § 12940. Accordingly, the district court did not abuse its discretion by denying leave to amend. See Fed.R.Civ.P. 15(a); see also Ponsoldt, 939 F.2d at 798.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm for any reason finding support in the record. Welsh v. Fritz, 909 F.2d 1330, 1331 (9th Cir.1990). Accordingly, because we affirm the district court's grant of summary judgment on the merits, we decline to address the alternative bases for summary judgment