**Cebu Anthony MANDRAKE, Plaintiff–Appellant,**

v.

**RELIABLE CORPORATION, Defendant–Appellee.**

**No. 01–17318.**

**D.C. No. CV–00–00668–WDB.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Cebu A. Mandrake, an Arizona state prisoner, appeals pro se the district court's judgment dismissing his diversity action alleging misrepresentation under Arizona law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of diversity jurisdiction. *Breitman v. May Co. Calif.,* 37 F.3d 562, 563 (9th Cir.1994). We affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Mandrake alleged that he bought a typewriter defendant advertised as "virtually silent," that the typewriter was in fact not silent, and that the noise from the typewriter caused another inmate to assault him. The district court properly concluded that the assault was unforeseeable, *see Robertson v. Sixpence Inns of America, Inc.*, 163 Ariz. 539, 789 P.2d 1040, 1047 (Ariz.1990), and it was therefore a "legal certainty" that Mandrake's damages would be less than $75,000, *see Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363–64 (9th Cir.1986). Accordingly, the district court properly dismissed Mandrake's action for failure to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

AFFIRMED.