**Izzedin (Dean) ASAD, dba XyzzT Enterprises, Plaintiff— Appellant,**

**v.**

**PIONEER BALLOON, a corporation of the State of Kansas, dba Pioneer Ansell Worldwide; et al., Defendants— Appellees.**

No. 01–36182.

D.C. No. CV–98–00059–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Izzedin Asad appeals pro se the district court's judgment dismissing for lack of diversity jurisdiction his tort and contract action against Pioneer Balloon and Tubeworks Inc., and appeals the district court's order denying as moot his post-judgment motion to execute default judgment against Tubeworks. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Breitman v. May Co. Cal.,* 37 F.3d 562, 563 (9th Cir.1994). We affirm.

The district court correctly dismissed Asad's action for lack of diversity jurisdiction, because Asad refused to amend his complaint to adequately allege the parties' citizenship. *See* Fed.R.Civ.P. 8(a)(1); *Bautista v. Pan Am. World Airlines, Inc.,* 828 F.2d 546, 552 (9th Cir.1987). The district court correctly denied as moot Asad's motion to execute default judgment, because the district court lacked subject matter jurisdiction. *See Watts v. Pinckney,* 752 F.2d 406, 409 (9th Cir.1985). Moreover, there was no default judgment to execute because neither the clerk nor the district court entered default judgment. *See* Fed.R.Civ.P. 55, 58; *Baker v. Limber,* 647 F.2d 912, 916 (9th Cir.1981).

We deny all pending motions.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.