**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO CARLOS, | No. 16-55893 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-06127-MWF-MRW |
| v. | |
| OLD DOMINION FREIGHT LINE, INC., a Virginia corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1 through 250, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 12, 2018
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District Judge.

Mario Carlos sued his former employer, Old Dominion Freight Line, Inc. (Old Dominion), for age discrimination and related wrongs stemming from his firing in 2014. The district court granted summary judgment to Old Dominion on all four claims. We affirm.

**1.** Age discrimination claims under California's Fair Employment and Housing Act (FEHA) are analyzed under the *McDonnell Douglas* burden-shifting framework. *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354 (Cal. 2000). As an element of his prima facie case—the first step of the framework—Carlos had to show he was "either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of discrimination." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1146 (9th Cir. 2017) (internal quotation marks omitted). He did not so demonstrate.

Old Dominion submitted a declaration showing that (1) the driver who took over Carlos's route was two years younger than Carlos and (2) the next driver Old Dominion hired was four years older than him. Regardless of which of those two

[**] The Honorable John A. Woodcock, Jr., United States District Judge for the district of Maine, sitting by designation.

drivers "replaced" Carlos, that driver was not "substantially" younger than Carlos. *See France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015) (holding that "an age difference of less than ten years will be presumptively insubstantial" for making out a prima facie case of age discrimination).

The only evidence Carlos put forward to dispute Old Dominion's declaration was his personal observation that around the time he was fired, Old Dominion hired some younger drivers in their 30s. Even assuming that Carlos's subjective impression were accurate—and Old Dominion's demographic evidence suggests it was not—it does not contradict Old Dominion's evidence that Carlos was not "replaced by [a] substantially younger employee[]." *Merrick*, 867 F.3d at 1146.

Because Carlos failed to create a genuine issue of material fact as to an element of his prima facie case of age discrimination, summary judgment was proper.[1] *Breitman v. May Co. California*, 37 F.3d 562, 565 (9th Cir. 1994).

**2.** The district court properly granted summary judgment to Old Dominion as to Carlos's claim of retaliation under FEHA. FEHA forbids employers from firing an employee "because the person has opposed any practices forbidden under

---

[1] As Carlos did not show that his termination occurred during a reduction in workforce, he may not—nor would he be able to—establish a prima facie case by demonstrating he was "discharged under circumstances otherwise giving rise to an inference of discrimination." *Merrick*, 867 F.3d at 1146; *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 n.2 (9th Cir. 2008).

3

[FEHA]." Cal. Gov't Code § 12940(h). To establish a prima facie case of retaliation, a plaintiff must introduce evidence showing that he engaged in protected activity by opposing a practice forbidden under FEHA. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (Cal. 2005).

Carlos failed to create a genuine issue of material fact regarding whether he engaged in protected activity. The record evidence, and Carlos's own deposition testimony, establish that he did not raise the issue of age discrimination until he emailed the chief executive officer (CEO) of Old Dominion two weeks *after* he was fired.

Carlos's earlier communications and complaints did not put Old Dominion on notice of his opposition to any forbidden practices. His 2013 letter to the CEO, sent while he was still employed, alluded to mistreatment he and other drivers allegedly suffered at the hands of Old Dominion management. The letter accused Carlos's managers of attempting to force Carlos to resign for driving outside of his route—which Carlos denied—and stated that Carlos believed other drivers were fired in the past for complaining about management. But nothing Carlos wrote in the letter complained about age discrimination or any other "practice[] forbidden" under FEHA. Cal. Gov't Code § 12940(h). A plaintiff fails to make out a prima facie case of retaliation "where there is no evidence the employer knew that the

4

employee's opposition was based upon a reasonable belief that the employer was engaging in discrimination." *Yanowitz*, 36 Cal. 4th at 1046.

**3.** Carlos's common-law tort claim for wrongful discharge in violation of public policy was predicated on his unmeritorious claims of age discrimination and retaliation. "Under California law, if an employer did not violate FEHA, the employee's claim for wrongful termination in violation of public policy necessarily fails." *Featherstone v. S. Cal. Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1169 (Cal. Ct. App. 2017) (citing *Esberg v. Union Oil Co.*, 28 Cal. 4th 262, 272–73 (Cal. 2002)). Accordingly, the district court properly dismissed Carlos's wrongful termination claim.

**4.** In California, the exclusive remedy for disability arising "in the normal course of the employer-employee relationship" is workers' compensation. *See Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (Cal. 2008); Cal. Lab. Code § 3602(a). Where a tort claim is alleged, a plaintiff alleging disability stemming from incidents "such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, . . . may not avoid the exclusive remedy provisions of the Labor Code," even if the employer's actions were "manifestly unfair, outrageous, harassment, or intended to cause emotional

disturbance resulting in disability." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987).

Carlos pleaded a claim of intentional infliction of emotional distress (IIED) based on his allegedly discriminatory termination and his managers' criticism and unfair treatment of him. Because those employment actions are "a normal part of the employment relationship," and the workers' compensation bargain encompasses disability arising from such actions, *id.*, Carlos's IIED claim was barred.

The judgment of the district court is **AFFIRMED.**